IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMIE CALVIN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV877 |
| | ) | |
| BRIAN COCKERHAM, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Surry County Jail, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Plaintiff filed three previous suits (Case Nos. 1:23CV902, 1:23CV1049, and 1:24CV192) based on essentially the same facts as the present case, alleging that the Jail has had a roof leak for some time, that the leak caused a puddle of water to accumulate on the floor, that Plaintiff walked through it, and that he slipped, fell, and was injured.  The Court dismissed each prior case without prejudice because Plaintiff's claims were not clear in that he did not explain how the named Defendants were directly involved in violating Plaintiff's rights or did not explain how the Defendants' actions amounted to the deliberate indifference to a serious risk of harm required to sustain a claim under § 1983 rather than a claim of mere negligence.   Plaintiff responded by filing the present action against Defendant Brian Cockerham who performs maintenance at the Jail.  The Complaint's factual allegations state "[Plaintiff] was walking to get a razor when [he] slipped in a puddle

of rain water and fell. [He] was hospitalized for head and neck injuries at Northern Hospital of Surry County and transported to Atrium Health, Wake Forest Medical Center. The ceiling tile below the leak was changed approximately a few days prior, by Mr. Cockerham with deliberate indifference, to hide the leak." (Complaint [Doc. #2] § IV(D).) Based on those facts, Plaintiff seeks an undetermined amount of money damages. (Id. § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the

2

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28

U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As set out above, Plaintiff's prior filings attempted to set out claims based on a fairly

routine slip and fall accident. The new Complaint is not different. The Court assumes that

Plaintiff is a pretrial detainee for the purposes of this Order and Recommendation. When

determining whether allegations state a claim under § 1983 based on dangerous conditions,

> [c]ourts evaluate pretrial detainees' conditions of confinement in state
> custody under the Due Process Clause of the Fourteenth Amendment. See
> Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a
> pretrial detainee are at least as great as the [E]ighth [A]mendment protections
> available to the convicted prisoner." Martin v. Gentile, 849 F.2d 863, 870
> (4th Cir. 1988). In that regard, "when the State by the affirmative exercise
> of its power so restrains an individual's liberty that it renders him unable to
> care for himself, and at the same time fails to provide for his basic human
> needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it
> transgresses the substantive limits on state action set by the Eighth

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and
a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation
marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to
undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano
v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly
standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d
672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal
pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the
court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal,
556 U.S. at 697, respectively)).

3

Amendment and the Due Process Clause. DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *3 (M.D.N.C. Dec. 30, 2016) (unpublished) (emphasis deleted), rec. adopted, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017) (unpublished). Regarding prison conditions, the Fourth Circuit has stated that

> [i]n order to establish that [he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of [a] basic human need was objectively 'sufficiently serious,'" and (2) that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (second alteration in original) (quoting Wilson, 501 U.S. at 298, 111 S.Ct. 2321). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Hudson, 503 U.S. at 8-9, 112 S.Ct. 995. In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions, see Helling, 509 U.S. at 33-35, 113 S.Ct. 2475. The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835, 114 S.Ct. 1970. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837, 114 S.Ct. 1970; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995).

De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). Because of Plaintiff's status as a pretrial detainee, he does not have to show actual knowledge of the allegedly dangerous condition but only that Defendant Cockerham "acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"

4

Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)).  As explained in Short:

> To be clear, it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee. See Kingsley [v. Hendrickson], 576 U.S. [389,] 396, 135 S.Ct. 2466 [2015]; Brawner [v. Scott Cnty.], 14 F.4th [585,] 596 [(6th Cir. 2021)]; Gordon [v. Cnty. of Orange], 888 F.3d [1118,] 1125 [(9th Cir. 2018)]; Miranda [v. Cnty. of Lake], 900 F.3d [335,] 353–54 [(7th Cir. 2018)]. Negligence was not enough before, Stevens [v. Holler], 68 F.4th [921,] 931 [(4th Cir. 2023)], and it is not enough now.

Short v. Hartman, 87 F.4th 593, 611-12 (4th Cir. 2023).

Here, as the Court previously informed Plaintiff in the prior attempts, the mere fact that there is a puddle on the floor or that a known issue with water on the floor exists does not state a claim under § 1983.  This is because an obvious puddle is not a substantial risk of serious harm in most circumstances, but is an ordinary danger faced by members of the public at large.  Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.") (citing cases);  see also Smith v. W.G.D.C. Detention Center, SC, C/A No. 9:20-980-CMC-BM, 2020 WL 2735929, at *2 (D.S.C. April 24, 2020) (unpublished) (citing cases).  Plaintiff has not alleged any special or unique circumstances that would distinguish his situation or otherwise establish a substantial risk of serious harm.

5

Plaintiff claims that Defendant Cockerham's replacement of the ceiling tile a few days prior to Plaintiff's fall constitutes deliberate indifference because Defendant Cockerham changed the tile to hide the leak. However, Plaintiff was aware of the leak; indeed, in one of his prior cases, Plaintiff specifically alleged that he [Plaintiff] knew that the leak was occurring for more than four years prior to his fall. Anderson v. Hiatt, No. 1:23CV902, Doc. #2-1 (M.D.N.C.). Regardless, and more importantly, the changing of the tile in no way hid the puddle on the floor which was the cause of Plaintiff's fall. It was a danger, but it was an obvious and ordinary danger which Plaintiff could have avoided. In the end, Plaintiff alleges no facts supporting a claim that Defendant Cockerham's changing of the tile created an unjustifiably high risk of harm that Defendant Cockerham knew or should have known. Therefore, the Complaint states no claim under § 1983 and this case should be dismissed.[1]

As a result, Plaintiff's request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

---

[1] To the extent Plaintiff intends to assert a state tort claim for negligence, such a negligence claim would not form the basis for a § 1983 claim, as explained above. The Court notes, however, that the recommendation of dismissal of the present § 1983 case is without prejudice to Plaintiff pursuing any available state tort claims for negligence in state court against the county, the sheriff, their employee(s), and the sheriff's surety.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $30.00. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $30.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 8th day of July, 2025.

_____
Joi Elizabeth Peake
United States Magistrate Judge

7